IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06cr275-WKW |
| | ) | |
| JACOB WARNER | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE**

COMES NOW Jacob Warner, Defendant in the above-styled action, by and through undersigned counsel, and submits this sentencing memorandum in order to aid the Court in making its sentencing determination and motion for downward departure pursuant to 18 U.S.C. § 3553, and U.S.S.G. § 5K2.0. The defendant requests that the Court impose a sentence, in the exercise of its discretion under 18 U.S.C. § 3553(a) that is sufficient, but not greater than necessary, to comply with the purposes of sentencing and takes into account all the circumstances present in this case, based on the following.

I.  Background, history and characteristics of Jacob Warner

Jacob Warner, Jr., turned 26 years old on August 9, 2007. He was born in Montgomery, Alabama. His parents, Jacob Warner and Eloise Willis, were never married, and he has four maternal half-siblings.

His parents were never able to provide a stable home environment for him. Mr. Warner never had a significant relationship with his father, who is presently serving a life sentence at Kilby Correctional Facility, and his mother, now known as Eloise Curry, is also incarcerated at Tutweiler Prison on state drug charges and has battled drug addiction. Mr.

Warner and his siblings were physically abused by their mother and grew up with a mostly absentee father and a struggling mother. As a result, Mr. Warner spent the majority of his formative years between the ages of 12 and 16 either in a group home or with the Alabama Department of Youth Services.

At the age of 16, Mr. Warner was released to the custody of his sister, Bernetta Willis. Ms. Willis supervised Jacob until he was 18. Since then, Mr. Warner has been on his own with only a 9th grade education. Mr. Warner has never been married, however, he has a one year old son, Jacob Warnicholas Allen, with Ms. Ina Allen.

## II.     Law

As this Court is well-familiar, the Sentencing Guidelines and their applicable Commentary are now advisory, and although they must be calculated for each defendant, their application is merely one of the statutory factors set forth in 18 U.S.C. § 3553(a) that a sentencing court must consider when imposing sentence, which sentence is ultimately reviewed for reasonableness. As articulated by the Eleventh Circuit in *United States v. Crawford*, 407 F.3d 1174, 1178-79 (11th Cir. 2005):

> A sentencing court under *Booker* still must consider the Guidelines, and, such consideration necessarily requires the sentencing court to calculate the Guidelines sentencing range in the same manner as before *Booker*. In other words, as was the case before *Booker*, the district court must calculate the Guidelines range accurately. A misinterpretation of the Guidelines by a district court effectively means that the district court has not properly consulted the Guidelines. After it has made this calculation, the district court may impose a more severe or more lenient sentence as long as the sentence is reasonable, see *Booker*, 125 S.Ct. at 767 ("The courts of appeals review sentencing decisions for unreasonableness."), but the requirement of consultation itself is inescapable.

Even though they are advisory, the United States Sentencing Guideline § 5K2.0, also provide for that a downward departure may be warranted where "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in the formulating of the guidelines. 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0. In determining whether a departure is warranted under U.S.S.G. § 5K2.0, a sentencing court, "may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4.

### III.     Conclusion

With the foregoing in mind, it is painfully clear that Mr. Warner has had absolutely no adult guidance throughout his childhood and formative teen years. He was physically abused as a child and his "role models" were a father serving a life sentence, a drug addict for a mother, and a sister who is facing significant Federal prison time. See *United States v. Willis*, Middle District of Alabama, case number 2:06cr0071-MEF. Mr. Warner is not only remorseful for his actions, but sees the futility of the path he is on and wants to turn his life around. His request is for a sentence of 18 months that will, pursuant to 18 U.S.C. § 3553(a) be sufficient, but not greater than necessary, to comply with the purposes of sentencing.

Respectfully submitted this 3rd day of January 2008.

s/John M. Poti
**JOHN M. POTI (POT013)**
Attorney for Jacob Warner
696 N. Silver Hills Drive, Suite 102
Prattville, AL 36066-6184
TEL: (334) 361-3535

3

        FAX: 1-866-780-9012
        E-mail: john@jmpoti.com

## CERTIFICATE OF SERVICE

      I hereby certify that on January 3, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Christopher A. Snyder, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  none .

      s/John M. Poti
**JOHN M. POTI (POT013)**
Attorney for Jacob Warner
696 N. Silver Hills Drive, Suite 102
Prattville, Alabama 36066-6184
TEL: (334) 361-3535
FAX: 1-866-780-9012
E-mail: john@jmpoti.com